UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO.: 6:22-cr-00007-CHB-HAI

UNITED STATES OF AMERICA                                              *PLAINTIFF,*

v.

RICKIE D. JOHNSON, et al.                                                  *DEFENDANTS.*

*Electronically Filed*

\*\*\* \*\*\* \*\*\*

### SENTENCING MEMORANDUM

Defendant Oakley "Whitey" Hatfield ("Hatfield"), through counsel, submits the following Sentencing Memorandum setting forth factors that this Court may consider in determining the type and length of a sentence that is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

### INTRODUCTION

This case involves a conspiracy to violate 7 U.S.C. § 2156, to knowingly sponsor and exhibit animals in an animal fighting venture. The conspiracy involved operating a fighting venture and attending cock-fighting events.

Hatfield pled guilty on May 8, 2023 to one count of conspiring with others to knowingly sponsor and exhibit animals in a fighting venture; 18 U.S.C. § 371, and to one count of knowingly attending an animal fighting venture; 7 U.S.C. § 2156(a)(2)(A). Hatfield admitted in open Court that he did knowingly and willfully violate the law of the United States.

### PERSONAL HISTORY

Hatfield will be the first to say that no one is to blame for this conduct but himself. He

offers no excuses for his misconduct. The facts involving his plea of guilty to Count 1 of the Superseding Indictment, 18 U.S.C. § 371, are that he assisted in the negotiation of a lease of the Bald Rock venue between co-defendant Rickie Johnson and co-defendant Harold "Fuzzy" Hale. While Hatfield had operated the Bald Rock venue for a period of time before the date of the raid, July 10, 2021, he had quit that venture so as to spend more time operating his tree-trimming business. This statement is not made to diminish his guilty plea to Count 1 in any way, only to offer context.

As stated in the previous paragraph, Hatfield is a local business owner. As noted in ¶ 74 of the Pre-Sentence Investigation Report ("PSR"), he has successfully run a fiber optic company as well as residential tree cutting and trimming work on power lines. Indeed, attached to the PSR are reference letters from a series of individuals who will speak to Hatfield's strong work ethic.

At the time of his sentencing, Hatfield will have been incarcerated for over 4 months already.[1] His business has suffered dramatically, and it is his earnest hope that he can be released with time served and get back to work.

## GUIDLELINE CALCULATION

As noted in the PSR, the offense *base level is 16*. Obstruction of Justice causes the offense to be *increased by 2 levels* pursuant to G.S.S.G. § 3C1.1 for an *adjusted offense level subtotal of 18*. The PSR finds a *three level reduction* of responsibility for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Therefore, the current *Total Offense Level is 15*.

## FACTORS THAT WARRANT A SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM

The factors found at 18 U.S.C. § 3553 (a) counsel in favor of this Court imposing a sentence

---

[1] PSR ¶ 20: "at the time of his sentencing, Hatfield will have been incarcerated four months and seventeen days."

lower than the Advisory Guidelines. This was a non-violent crime. Hatfield has no prior criminal record.

The following factors are specifically set forth in 18 U.S.C. § 3553 (a): "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant;…"  We would submit Hatfield certainly has appreciated the seriousness of the offense and did not offer any excuses for his misconduct. There is no question that the four months and seventeen days of imprisonment will be sufficient to deter other like individuals from committing this type of conduct. In this instant case, there is no likelihood that Hatfield will commit any additional crimes.

### April 5, 2023 Meeting of the United States Sentencing Commission

Equipped with a quorum of Commissioners for the first time since 2018, on April 5, 2023 the bipartisan United States Sentencing Commission voted to promulgate amendments to the federal sentencing guidelines. "The Sentencing Commission is back in business," said Chair Carlton W. Reeves. "Today we are listening to Congress and the public by increasing first steps toward second chances, taking targeted action on gun trafficking and fentanyl, and expanding alternatives to incarceration."

The Commission revised guidance to courts regarding people facing their first federal conviction. Relying on data and extensive analysis about recidivism, the Commission acted to maximize public safety and encourage consideration of alternatives to incarceration.

According to the Sentencing Commission's website "the Commission will send final amendments to Congress by May 1, 2023. If Congress does not act to disapprove the amendments, they will take effect on November 1, 2023. See https://www.ussc.gov/about/news/press-

releases/april-5-2023 Of specific applicability to Hatfield is what will be the newly added guideline to be §4C1.1, which the Sentencing Commission unanimously passed. That amendment is entitled "Adjustment for Certain Zero Point Offenders." These amendments, which can be found in their entirety at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230201_RF-proposed.pdf, specifically at pages 80-81, ***jointly proposed an additional two level reduction for some but not all first time offenders.***

The analysis under this newly minted guideline is extensive and requires that the defendant meet ten separate criteria in order to qualify for this additional two level reduction. The criteria for qualification for these additional two levels and the guideline itself is as follows:

PART C – ADJUSTMENT FOR CERTAIN ZERO-POINT OFFENDERS

§4C1.1 Adjustment for Certain Zero-Point Offenders,

(a) ADJUSTMENT. If the defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, PART A;

(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another

participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights)

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

*Decrease the offense level determined under Chapters Two and Three by 2 levels.*

A review of the facts of this case demonstrates that Hatfield would be entitled to the 2 level reduction if the sentencing would be held after November 1, 2023. Hatfield did not commit any of the 10 items listed above. We further submit that the strong likelihood is that this new adjustment will become law in the very new future. Indeed, we understand that other courts, including the United States District Court for the Western District, are recognizing its validity. Accordingly, we ask that §4C1.1 be included in the proposed guideline calculation.

Proposed Guideline Calculation

**32. Base Offense Level: 16**

**33. Specific Offense Characteristics:** None. **0**

**34. Victim Related Adjustment:** None. **0**

**35. Adjustment for Role in the Offense:** None. **0**

**36. Adjustment for Obstruction of Justice: +2**

**37. Adjusted Offense Level (Subtotal): 18**

**38. Acceptance of Responsibility:** Defendant has clearly demonstrated acceptance of responsibility for the offense. **– 3**

39. **Total Offense Level: 15**

40. **Offense Behavior Not Part of Relevant Conduct:** None **0**

  **SUGGESTED:** §4C1.1 Adjustment for Certain Zero-Point Offenders **- 2**

  **SUGGESTED Total Offense Level: 13 –** This is in Zone C of the guidelines with a 12 – 18 month range.

### Factors that May Warrant a Sentence Outside of the Advisory Guideline System

This defendant has already served approximately 4.5 months. Based on information and belief, this exceeds sentences imposed in related cases, at least in this court. We believe that a variance pursuant to 18 U.S.C. § 3553 is appropriate and will ask the Court for a sentence of time served. A sentence such as this would be more than sufficient to comply with the statutory dictates of 18 U.S.C. § 3553(a).

### CONCLUSION

Hatfield admits that he has made a serious mistake: he accepts full responsibility.

Hatfield therefore requests the Court impose a sentence lower than the one recommended in the advisory guideline and that he be sentenced to time served.

  Respectfully submitted,

  LANDRUM & SHOUSE, LLP

  */s/ R. Kent Westberry*
  R. Kent Westberry, Esq.
  Bridget M. Bush, Esq.
  Hunter E. Rommelman, Esq.
  LANDRUM & SHOUSE, LLP
  220 W. Main Street, Suite 1900
  Louisville, Kentucky 40202-1395
  Phone: (502) 589-7616
  kwestberry@landrumshouse.com
  bbush@landrumshouse.com
  *Counsel for Oakley D. Hatfield*

## CERTIFICATE OF SERVICE

It is hereby certified by undersigned counsel that the foregoing was filed on this 15th day of August, 2023 through the federal Case Management Electronic Case Filing (CM/ECF) system which will generate a notice of electronic filing (NEF) to all users who have registered in this action:

Kate Smith, AUSA
U.S. Attorney's Office, EDKY
260 W. Vine Street, Suite 300
Lexington, KY 40507-1612
Kate.Smith@usdoj.gov
*Counsel for USA*

Andrea Mattingly Williams, AUSA
U.S. Attorney's Office, EDKY
260 W. Vine Street, Suite 300
Lexington, KY 40507-1612
Andrea.Mattingly.Williams@usdoj.gov
*Counsel for USA*

Kelly Kirby Ridings
Hamm, Milby & Ridings
120 N. Main Street
London, KY 40741-1369
kridings@hmrkylaw.com
*Counsel for Rickie D. Johnson*

Douglas Glenn Benge
Cessna and Benge
203 S. Main Street
London, KY 40741-1906
doug@cessnabenge.com
*Counsel for Jacklyn R. Johnson*

Bryan Kenneth Sergent
Madden Sergent
116 Lawyer Street, Ste. 1
Manchester, KY 40962
bryan@maddensergent.com
*Counsel for Harold Fuzzy Hale*

Conrad A. Cessna
Cessna & George, PLLC
818 S. Main Street
PO Box 3260
London, KY 40743
conrad@cessnageorge.com
*Counsel for Orville D. Asher*

Larry Brandon West
Law Offices of Brandon West, PLLC
200 Knox Street
PO Box 1900
Barbourville, KY 40906
lbwestattorney@gmail.com
*Counsel for Dallas M. Cope*

Burley J. Foley, Jr.
Law Office of Croley & Foley
205 Main Street
Williamsburg, KY 40769
bj.foley@kylegal.com
*Counsel for Hiram B. Creech, Jr.*

Abraham Isa Mashni
Baldani Law Group
300 W. Short Street
Lexington, KY 40507
abe@baldanilaw.com
*Counsel for Cye Bradley Rose*

Kathryn Ann Walton
Kathryn A. Walton PLLC
PO Box 25073
Lexington, KY 40524
kathy@kwaltonlawyer.com
*Counsel for Joshua W. Westerfield*

*/s/ R. Kent Westberry*
***Counsel for Oakley D. Hatfield***