UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:22-CR-0007-CHB

UNITED STATES OF AMERICA                                          PLAINTIFF

V.            UNITED STATES'S SENTENCING MEMORANDUM

OAKLEY D. "WHITEY" HATFIELD                                       DEFENDANT

\* \* \* \* \*

The United States respectfully asks the Court to impose a guideline sentence for defendant Oakley "Whitey" Hatfield. The United States agrees with the USPO that Hatfield's has a total offense level of 15 for his animal fighting offenses, that his resulting Guidelines range is 18 to 24 months, and that there are no factors that would justify a departure from the guideline range. [Hatfield PSR at ¶¶ 39, 80, 100.]

Hatfield entered an open plea to Count 1, charging a conspiracy to violate the animal fighting statute for his role in running Bald Rock, an animal fighting venture in Laurel County, and Count 9, charging Hatfield with attending the animal fighting venture at Bald Rock, on July 10, 2021. [Hatfield PSR ¶¶ 2, 4.] The sentencing guideline for animal fighting addresses the seriousness of this offense, requiring a base offense level of 16 for an individual who participated in an animal fighting venture *just one time.* U.S.S.G. § 2E3.1(a)(1). Hatfield's offense level is further enhanced by two levels for his

1

attempt to obstruct justice and secure the false testimony of a witness.  [Hatfield PSR ¶¶ 25-28.]

Under 18 U.S.C. § 3553(a)(2), the sentence imposed must consider the "nature and circumstances of the offense and the history and characteristics of the defendant", "reflect the seriousness of the offense", "promote respect for the law", "provide just punishment for the offense", and "afford adequate deterrence to criminal conduct" among other factors that are less applicable in this case.  18 U.S.C. § 3553(a)(2).  Each of the factors quoted above necessitates a guideline sentence, and a fine, for this particular defendant.

Cockfighting is organized, moneymaking, and cold-blooded entertainment at the expense of the animals involved.  It is illegal under federal law and in all 50 states. Cockfighting is an extreme form of cruelty to animals.  Game foul are bred to fight.  Not only do the animals suffer grave injuries and frequently die during the fights, but they are also mistreated before and after the fights.  They have their waddles, combs, and spurs crudely dubbed, or amputated, for the purposes of facilitating fights. A referee supervises the fights between the roosters, which end when one rooster dies or refuses to continue to fight.  If not killed during the fight, the losing rooster is usually killed after the fight.  If both roosters are paralyzed or too injured to continue at the end of a fight, but have not yet died, handlers place both birds in a small enclosure known as the "drag pit" to wait to see which one dies first–a process that can take hours or even days.  The events also jeopardize public health through the spread of avian diseases and promote illegal gambling, an key feature of their operation.

Hatfield has participated in animal fighting in the Eastern District of Kentucky as both an organizer of the events at Bald Rock, and as a fighter at Bald Rock and CJ's. [Hatfield PSR ¶ 13.] Additionally, when confronted with being held accountable for his actions, he sought to subvert justice. His sentence must deter himself and others, and adequately promote respect for the law and reflect the seriousness of the offense. A guideline sentence for this defendant would be sufficient but not greater than necessary to fulfil the aims of Section 3553.

Hatfield objects to the fact that his PSR did not apply a 2-level reduction in his guidelines based on a proposed amendment to the guidelines in USSG § 4C1.1, "Adjustment for Certain Zero Point Offenders." The USPO correctly notes this amendment has not yet been incorporated in the Guidelines and thus does not apply. The defendant's guideline calculations have been correctly calculated based on the 2021 Guidelines that are in effect at the time of his sentencing. The United States would not oppose a motion to continue the sentencing until after November 1, 2023, after when the parties and Court could rely on the proposed amendments, but the United States cannot agree to an incorrect application of the Guidelines.

            Respectfully submitted,

            CARLTON S. SHIER, IV
            UNITED STATES ATTORNEY

By: /s/ Kate K. Smith
     Kate K. Smith
     Andrea Mattingly-Williams
     Assistant United States Attorneys

260 W. Vine Street, Suite 300<br>
Lexington, Kentucky 40508<br>
(859) 685-4855<br>
(859) 685-4899<br>
Kate.Smith@usdoj.gov<br>
Andrea.Mattingly.Williams@usdoj.gov

**CERTIFICATE OF SERVICE**

On August 15, 2023, I electronically filed this document through the ECF system, which will send notice to counsel of record.

/s/ Kate K. Smith
Assistant United States Attorney